## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KELLY WHITE, ADMINISTRATRIX OF THE ESTATE OF JACQUELYN WHITE, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL ELECTRIC COMPANY, GE HEALTHCARE, INC., MALLINCKRODT, INC., BAYER HEALTHCARE PHARMACEUTICALS, INC, BAYER HEALTHCARE LLC, AND BAYER CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. ) ) ) ) ) ) ) ) ) |

## NOTICE OF REMOVAL OF DEFENDANTS
## BAYER HEALTHCARE PHARMACEUTICALS INC.,
## BAYER HEALTHCARE LLC, AND BAYER CORPORATION

TO: The Judges of the United States District Court
   for the District of Massachusetts:

Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, and Bayer Corporation (the "Bayer Defendants") hereby remove this civil action from the Superior Court of Norfolk County, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts. As grounds for removal, the Bayer Defendants state as follows:

## I. THE STATE COURT ACTION

1. On June 16, 2009, plaintiff filed this civil action in the Superior Court of Norfolk County, Commonwealth of Massachusetts, at Civil Action No. 09-01025 (the "State Court Lawsuit").

2.     Plaintiff's Complaint asserts claims for strict products liability, breach of warranty, negligence, and negligent misrepresentation arising out of the alleged wrongful death of plaintiff's decedent.

3.     Plaintiff's claims arise from plaintiff's decedent's claimed "significant harm, conscious pain and suffering, physical injury, bodily impairment, disfigurement and scarring, including, but not limited to, suffering from [nephrogenic systemic fibrosis, also sometimes referred to as nephrogenic fibrosing dermopathy] and/or other injuries which caused permanent injury and effects and ultimately death" arising from her alleged exposure to gadolinium-based contrast agents that certain of the defendants allegedly manufactured, marketed or sold.  Among the gadolinium-based contrast agents allegedly at issue is the product Magnevist®, which the Complaint associates with the Bayer defendants.  See Complaint ¶¶ 16 & 39.  A true and correct copy of the Complaint is attached as Exhibit "A."

4.     This civil action is one of more than 500 similar cases currently pending nationwide involving allegations that gadolinium-based contrast agents caused patients to develop Nephrogenic Systemic Fibrosis ("NSF").

5.     By Transfer Order filed on February 27, 2008 (the "February 27, 2008 Transfer Order"), the Judicial Panel on Multidistrict Litigation (the "JPML") ordered, pursuant to 28 U.S.C. § 1407, the transfer to MDL No. 1909, in the United States District Court for the Northern District of Ohio, twenty cases then pending nationwide involving allegations that gadolinium-based contrast agents caused patients to develop NSF.  A true and correct copy of the February 27, 2008 Transfer Order is attached as Exhibit "B."

6.     From March 7, 2008 to February 23, 2009, the JPML has issued thirty-nine Orders, transferring to MDL No. 1909 an additional 193 cases and conditionally transferring six

other cases – all involving allegations that gadolinium-based contrast agents caused patients to develop NSF. A true and correct copy of Conditional Transfer Order No. 40, which references the transfer of these cases, is attached as Exhibit "C."

7.    As set forth below, there is complete diversity between plaintiff and all remaining defendants; the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.    This Notice of Removal is being filed within thirty days from November 6, 2009, the date of the Bayer defendants' receipt of plaintiff's November 4, 2009 notice of voluntary dismissal of defendant Tyco Healthcare Group, LP and the date on which the Bayer defendants first ascertained, upon receipt of plaintiff's notice of voluntary dismissal, that this case is one which has become removable. See 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."); Hilbert v. McDonnell Douglas Corp., 529 F. Supp. 2d 187, 193-194 (D. Mass. 2007) ("Cases must generally be removed within thirty days of the defendant's receipt of process. To prevent plaintiffs from artfully pleading around the possibility of removal, however, Congress authorized later removal in certain circumstances. If a case is not removable from the face of the complaint, 'a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'") (citation omitted).

3

## II.    THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND ALL REMAINING DEFENDANTS

9.    Plaintiff is a citizen of the Commonwealth of Massachusetts.    Complaint ¶ 2 ("Plaintiff Decedent [was] formerly of Randolph, MA . . . ."); 28 U.S.C. § 1331(c)(2) ("For purposes of this section and section 1441 of this title – . . . (2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . .").

10.    Defendant General Electric Company a corporation incorporated under the laws of the State of New York with its principal place of business in Connecticut.    Complaint ¶ 8.

11.    Defendant GE Healthcare Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in New Jersey.  Id. at ¶ 9.

12.    Defendant Mallinckrodt, Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Missouri.  Id. at ¶ 7.

13.    Defendant Bayer HealthCare Pharmaceuticals Inc. is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in New Jersey.  Id. at ¶ 14.

14.    Defendant Bayer Healthcare LLC is a Delaware limited liability company whose sole member is Bayer Corporation.  Because Bayer Corporation is a corporation incorporated under the laws of the State of Indiana with its principal place of business in Pennsylvania, defendant Bayer HealthCare LLC is a citizen of both Indiana and Pennsylvania for purposes of diversity jurisdiction.  See 28 U.S.C. §1332(c)(1); Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54-55(1st Cir. 2006) ("[E]very circuit to consider this issue has held that the citizenship of a limited liability company is determined by the citizenship of all of its members . . . .  We see no reason to depart from this well-established rule.") (citations omitted).

15.     Defendant Bayer Corporation is a corporation incorporated under the laws of the State of Indiana with its principal place of business in the Commonwealth of Pennsylvania. Id. at ¶ 15.

16.     Former defendant Tyco Healthcare Group LP is a Delaware limited partnership with its principal place of business in the Commonwealth of Massachusetts. Tyco Healthcare Group LP has at least one partner that is a citizen of the Commonwealth of Massachusetts. Therefore, Tyco Healthcare Group LP is a citizen of Commonwealth of Massachusetts for purposes of diversity jurisdiction. See Pramco, LLC v. San Juan Bay Marina, Inc., supra.

17.     The presence of Tyco Healthcare Group LP – a citizen of the Commonwealth of Massachusetts – destroyed complete diversity because plaintiff is considered a citizen of the Commonwealth of Massachusetts. However, by voluntary notice of dismissal dated November 4, 2009 and served on the Bayer defendants on November 6, 2009, plaintiff dismissed Tyco Healthcare Group LP from the State Court Lawsuit.

18.     None of the defendants identified in paragraph Nos. 9 to 14 is a citizen of the Commonwealth of Massachusetts for diversity-of-citizenship purposes.[1]

19.     For these reasons, complete diversity of citizenship exists between plaintiff and all remaining defendants. See 28 U.S.C. § 1332.

---

[1] Former defendant Bracco Diagnostics Inc. was not served with process and was dismissed from the State Court Lawsuit. Even if it were a party-defendant in this federal action, however, Bracco Diagnostics Inc. would not destroy diversity because it is a corporation incorporated under the laws of the State of Delaware with its principal place of business in New Jersey. Id. at ¶ 10.

Former defendant Bracco Research USA Inc. likewise was not served with process and was dismissed from the State Court Lawsuit. Even if it were a party-defendant in this federal action, Bracco Research USA Inc. would not destroy diversity because it is a corporation incorporated under the laws of the State of Delaware with its principal place of business in New Jersey. Id. at ¶ 11.

## III.   THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL MINIMUM

20.     It is facially apparent from the complaint in this wrongful death case that the amount in controversy exceeds the jurisdictional requirement.

21.     **First**, plaintiff claims that her decedent suffered the following:

> significant harm, conscious pain and suffering, physical injury, bodily impairment, disfigurement and scarring, including, but not limited to, suffering from [nephrogenic systemic fibrosis, also sometimes referred to as nephrogenic fibrosing dermopathy] and/or other injuries which caused permanent injury and effects and ultimately death. Plaintiff['s decedent] further suffered significant mental anguish and emotional distress, physical limitations, pain, injury, damages, harm and mental and emotional distress prior to her death.

Complaint ¶ 39.

22.     **Second**, plaintiff alleges that her decedent "incurred significant expenses for medical care and treatment. Plaintiff['s decedent] incurred economic loss, and has otherwise been physically, emotionally and economically injured." Id. at ¶ 44.

23.     **Third**, plaintiff seeks both actual damages **and** punitive damages, alleging that "[t]he aforesaid conduct of Defendants and/or their corporate predecessors was committed with knowing, conscious, and deliberate disregard for the rights and safety of the public, including Plaintiff, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish Defendants and deter them from similar conduct in the future." Id. at ¶ 91.

24.     It is apparent from the face of the Complaint that plaintiff seeks recovery of an amount in excess of $75,000.00, exclusive of interest and costs, and that the amount-in-controversy requirement is satisfied, in view of (a) plaintiff's decedent's claimed serious and fatal injuries; (b) plaintiff's decedent's claimed expenses for medical care and treatment; (c) plaintiff's decedent's claimed loss of earnings and earning capacity; (d) plaintiff's decedent's

claimed other physical, emotional and economic injuries; and (e) plaintiff's demand for punitive damages.

25.   In summary, complete diversity of citizenship exists between plaintiff and all remaining defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.   Accordingly, the district courts of the United States have original jurisdiction of this civil action based on diversity of citizenship, see 28 U.S.C. § 1332, and defendants therefore may remove this civil action to this Court, see 28 U.S.C. § 1441.

## IV.   VENUE IS PROPER IN THIS COURT

26.   This civil action may be removed to the United States District Court for the District of Massachusetts because this Court is "the district court of the United States for the district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).   As set forth above, however, this action is expected to be subject to coordinated proceedings under the Judicial Panel on Multidistrict Litigation.

## V.   CONSENT AND JOINDER OF ALL DEFENDANTS

27.   All properly served defendants consent and join in this Notice of Removal.

## VI.   THE BAYER DEFENDANTS SEEK ADDITIONAL DISCOVERY, BRIEFING AND ARGUMENT, IF NECESSARY

28.   If any question arises as to the propriety of this removal, the Bayer defendants request the opportunity to conduct discovery or brief any disputed issues and to present oral argument in support of their position that this civil action is properly removable.

## VII.   NON-WAIVER OF DEFENSES

29.    Nothing in this Notice of Removal or related documents shall be interpreted as a waiver or relinquishment of the rights of the Bayer defendants to assert any defense or affirmative matter in this civil action.

## VIII.   COPIES OF ALL PROCESS, PLEADINGS, AND ORDERS ARE ATTACHED

30.    As required by 28 U.S.C. § 1446(a), attached as Exhibit "D" are copies of all process, pleadings, and orders served upon the Bayer defendants in this action.

## IX.   NOTICE HAS BEEN GIVEN

31.    Contemporaneous with the filing of this Notice of Removal, Notice of Filing Notice of Removal has been served upon plaintiff, through her counsel of record; and a copy of this Notice of Removal has been filed with the Superior Court of Norfolk County, Commonwealth of Massachusetts, as provided by 28 U.S.C. § 1446(d).  A copy of the Notice of Filing Notice of Removal to be filed with the Superior Court of Norfolk County, Commonwealth of Massachusetts is attached as Exhibit "E."

**WHEREFORE**, defendants Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, and Bayer Corporation hereby remove this civil action to this Court.

> BAYER HEALTHCARE PHARMACEUTICALS INC., BAYER HEALTHCARE LLC, and BAYER CORPORATION
>
> By their attorneys,
>
> /s/ Peter Bryan Moores
> Brian A. Davis (BBO No. 546462)
>     *bad@choate.com*
> Peter Bryan Moores (BBO No. 658033)
>     *pmoores@choate.com*
> CHOATE, HALL & STEWART LLP
> Two International Place
> Boston, Massachusetts 02110
> Phone:  (617) 248-5000
> Fax: (617) 248-4000

Date: November 10, 2009

4571416v1

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2009, the foregoing Notice of Removal was filed with the Court through the ECF system and a copy of the foregoing Notice of Removal was served by regular and electronic mail upon the Plaintiff and parties who have appeared in the Massachusetts action.

/s/ Peter Bryan Moores
Peter Bryan Moores